GEORGE E. KIMBALL *vs.* NEW ENGLAND ROLLER GRATE COMPANY.

Suffolk.   January 20, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Vote of Directors of Corporation ineffectual to rescind previous Vote.*

If, in an action against a corporation, brought by the president thereof to recover his salary and certain commissions, a finding is justified that his contract with the corporation, which was made by vote of the directors, was continued in force according to its terms at a later meeting, when the directors re-elected him president, a vote by them at a meeting held shortly thereafter purporting to rescind the original vote, which fixed the amount of the salary and commissions, will be regarded as nugatory.

CONTRACT, for the balance of the salary due the plaintiff as president of the defendant corporation for a part of the month of May and for all of the month of June, 1895, and for his commissions on certain sales made from January 1 to July 1, 1895. Writ dated July 26, 1895. At the trial in the Superior Court, without a jury, before *Sheldon, J.*, it appeared that the plaintiff was paid his salary for the first four months of 1895 on the basis of two thousand dollars for the year, and that one hundred

dollars was also paid to him on account of his salary for the month of May.  The judge found for the plaintiff in the sum of $453.27 ; and the defendant alleged exceptions, the nature of which appears in the opinion.

*W. Howland*, for the defendant.

*E. B. Hale & F. E. Dickerman*, for the plaintiff.

ALLEN, J.  On March 2, 1895, the directors passed a vote fixing " the salary of the president, George E. Kimball, for one year, commencing January 1, 1895, at two thousand dollars " ; also to pay him a certain commission on sales.  This was in pursuance of an agreement between the plaintiff and the board of directors, which perhaps by implication would be subject to his re-election.  At a meeting of a board of the directors on May 7, 1895, he was re-elected president, and no formal action was taken relative to his salary, it being stated by him in the presence of the other directors that no action was necessary, inasmuch as there was already an existing contract for the entire year of 1895.  Two weeks later, the directors passed votes rescinding the votes of March 2.  From these facts, it was competent for the court to find that when the plaintiff was re-elected on May 7, 1895, the existing contract for his compensation was confirmed.  If it be assumed that the new board of directors might at that time have declined to recognize or continue it, they did not do so, although it was specially brought to their attention.  No formal vote of confirmation was necessary.  The court might well find that the existing contract was continued in force according to its terms; *Commonwealth Ins. Co.* v. *Crane*, 6 Met. 64 ; and if so, the later votes purporting to rescind the former ones would be nugatory.

*Exceptions overruled.*